◼ Samuel Gilbert et al., as Stockholders of Glen Alden Corporation, Suing on Behalf of Themselves and All Other Stockholders of Said Corporation, and for the Benefit of and in the Right of said Glen Alden Corporation, Respondents, v. Frank Burnside et al., Defendants, and Francis O. Case et al., Appellants.— In a derivative stockholders' action for the benefit of the corporation, to surcharge defendants for waste by reason of their conduct in propagating an unlawful reorganization plan, the several defendants appeal as follows from a judgment of the Supreme Court, Kings County, entered June 16, 1960, upon a decision of the Special Term rendered December 31, 1959, after a nonjury trial; and from an order of said court, made May 4, 1960, denying the motion of defendant Francis O. Case and defendant Stokes for a new trial on the ground of newly discovered evidence: (1) Defendants Albert A. List and Francis O. Case, and defendants Lord, Layman and Stokes appeal from so much of said judgment as directs recovery from them by plaintiffs, for the benefit of the Glen Alden Corporation, of the sum of $118,321.08, plus costs; and as directs that out of such recovery the corporation shall pay $40,000 to plaintiffs' attorneys for their disbursements and for the reasonable value of their services in this action. (2) Defendant Glen Alden Corporation appeals from so much of the judgment as directs it, out of the recovery against the five individual defendants named, to pay the sum of $40,000 to plaintiffs' attorneys for their disbursements and services. (3) Said defendants Case and Stokes also appeal from the order denying their motion for a new trial. Judgment, insofar as appealed from by the said defendants, reversed on the law and the facts, with costs, and the complaint as to them dismissed, with costs. Findings of fact contained in the Special Term's opinion (*Gilbert* v. *Burnside*, 197 N. Y. S. 2d 623), which are inconsistent herewith, are reversed, and new findings of fact are made as indicated herein. Appeal from order dismissed as academic, without costs. On March 20, 1958, a reorganization agreement was entered into between Glen Alden Corporation and List Industries Corporation. On June 30, 1958, the highest court in Pennsylvania declared the reorganization plan invalid because no right of appraisal was given to Glen Alden's dissenting stockholders (*Farris* v. *Glen Alden Corp.*, 393 Pa. 427). This is a derivative action by stockholders of Glen Alden Corporation for its benefit, against both corporations and their directors, for moneys disbursed by Glen Alden in negotiating, proposing, and defending the illegal reorganiza-

tion plan. The Special Term, after trial, dismissed the complaint against the List Corporation and the List directors, but held the Glen Alden directors liable, based on findings that: (1) the proposed reorganization plan was grossly unfair to Glen Alden stockholders; (2) the plan was illegal; (3) the Glen Alden directors must have known, regardless of advice of counsel, that the plan was illegal; (4) the Glen Alden directors were skilled businessmen who could not have relied on the advice of counsel that the plan was legal. In our opinion, the fairness or unfairness of the reorganization plan is immaterial. Under Pennsylvania law as subsequently determined (*Farris* v. *Glen Alden Corp., supra*), if the transaction was a transfer of assets from List to Glen Alden for a consideration, with the effect of a merger, there would be a right of appraisal to Glen Alden's dissenting stockholders. If the transaction was a transfer of assets for a consideration without the effect of a merger, there would be no right of appraisal. Eminent Pennsylvania counsel had advised defendants, however, that because there was a transfer of assets for a consideration there was no right of appraisal under Pennsylvania law. In their opinion, the fact that the transaction also had the effect of a merger did not make any difference as long as there was a transfer of assets for a consideration. The judgment below determines, in effect, that these financiers (the Glen Alden directors) knew, or should have known, more Pennsylvania law than eminent Pennsylvania counsel. There is no evidence to support the Special Term's findings that the Glen Alden directors knew that the plan was illegal, or that they did not justifiably and in good faith rely on the advice of counsel to the effect that the plan was legal even though it did not accord the right of appraisal to dissenting stockholders. In our opinion, the evidence supports findings to the contrary. Reliance upon advice of counsel is a good defense (*Blaustein* v. *Pan Amer. Petroleum & Transp. Co.*, 293 N. Y. 281). Beldock, Acting P. J., Christ and Pette, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to affirm the judgment and order upon the opinion of the learned Justice at Special Term (*Gilbert* v. *Burnside,* 197 N. Y. S. 2d 623).